**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1210**

WESTMORELAND COAL COMPANY,

　　　　　Petitioner,

　　　v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; GERALD W. MABE,

　　　　　Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(15-0028-BLA)

Submitted:　September 30, 2016　　　Decided:　October 17, 2016

Before WILKINSON, KING, and WYNN, Circuit Judges.

Petition for review granted; affirmed in part, vacated in part,
and remanded by unpublished per curiam opinion.

Paul E. Frampton, Michael J. Schessler, BOWLES RICE LLP,
Charleston, West Virginia, for Petitioner.　Evan B. Smith,
APPALACHIAN CITIZENS' LAW CENTER, Whitesburg, Kentucky; H.
Ronnie Montgomery, MONTGOMERY LAW OFFICE, Jonesville, Virginia,
for Respondent Gerald W. Mabe.　M. Patricia Smith, Solicitor of
Labor, Rae Ellen James, Associate Solicitor, Gary K. Stearman,
Counsel for Appellate Litigation, Rita A. Roppolo, Office of the
Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.,
for Respondent DOWCP.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald W. Mabe filed a claim for benefits under the Black Lung Benefits Act ("BLBA"), 30 U.S.C. §§ 901-944 (2012). Following a hearing, the Administrative Law Judge ("ALJ") found Mabe's claim timely and awarded benefits after concluding that the responsible operator, Westmoreland Coal Company ("Employer"), failed to rebut the presumption of total disability due to pneumoconiosis applied to Mabe's claim pursuant to 30 U.S.C. § 921(c)(4) (the "15-year presumption"). The Benefits Review Board ("Board") affirmed the ALJ's determination as to the merits of Mabe's claim but vacated the ALJ's timeliness determination and remanded for further proceedings. Although the ALJ found the claim untimely on remand, the Board later vacated this determination, concluding that Employer failed, as a matter of law, to rebut the presumption of timeliness accorded Mabe's claim. The Board therefore remanded for entry of an award of benefits. Employer now petitions for review of the Board's decision awarding benefits.

At the outset, we note that the scope of our review of an agency decision involving the BLBA is strictly circumscribed. We review a decision awarding black lung benefits to determine "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [Board] and ALJ

3

are rational and consistent with applicable law." Hobet Mining, LLC v. Epling, 783 F.3d 498, 504 (4th Cir. 2015) (alteration in original omitted). In so doing, we review legal conclusions of the Board and ALJ de novo but must defer to the ALJ's factual findings if they are supported by substantial evidence. Harman Mining Co. v. Dir., Office of Workers' Comp. Programs, 678 F.3d 305, 310 (4th Cir. 2012). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Island Creek Coal Co. v. Compton, 211 F.3d 203, 207-08 (4th Cir. 2000).

Employer first challenges the Board's determination that, as a matter of law, it failed to meet its burden to rebut the presumption of timeliness accorded Mabe's claim under 20 C.F.R. § 725.308(c) (2016). Our review of the record leads us to conclude that the Board's decision as to the timeliness of Mabe's claim is based upon substantial evidence and is without reversible error. Westmoreland Coal Co. v. Mabe, No. 15-0028 BLA (B.R.B. Dec. 29, 2015).

Turning to the merits of Mabe's claim, the ALJ determined, and the Board ultimately affirmed, that Mabe was entitled to the benefit of the 15-year presumption, which Employer failed to rebut. If a miner was employed in underground coal mines for 15 years or more, has had a chest x-ray interpreted as negative for complicated pneumoconiosis, and demonstrates that he has a

4

totally disabling respiratory or pulmonary impairment, he is entitled to a rebuttable presumption that he is totally disabled due to pneumoconiosis. 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(b)(1) (2016). When the presumption applies, the ALJ must "presume both prongs of the showing required for benefits eligibility: that the claimant has pneumoconiosis arising from coal mine employment, and that this disease is a substantially contributing cause of his disability." Epling, 783 F.3d at 502. To rebut the presumption, the employer either must demonstrate that the miner does not have legal pneumoconiosis or clinical pneumoconiosis "arising from coal mine employment" (the "pneumoconiosis prong"), 20 C.F.R. § 718.305(d)(1)(i) (2016), or must affirmatively "rule out" the mining-related disease as a cause of disability by demonstrating that "no part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis" (the "disability causation prong"), 20 C.F.R. § 718.305(d)(1)(ii) (2016).

A claimant may establish the existence of pneumoconiosis, among other methods, through chest x-rays or medical opinions. 20 C.F.R. § 718.202(a)(1), (4) (2016). Additionally, "[t]he results of any medically acceptable test or procedure," such as a CT scan, "which tends to demonstrate the presence or absence of pneumoconiosis . . . may be submitted in connection with a claim and shall be given appropriate consideration." See 20

C.F.R. § 718.107(a) (2016); Sea "B" Mining Co. v. Addison, 831 F.3d 244, 249 (4th Cir. 2016). "Although the regulations group the forms of permissible evidence into discrete categories, an ALJ must weigh all of the evidence together when determining whether the miner has established the presence of pneumoconiosis." Addison, 831 F.3d at 249. By implication, such evidence also is relevant in considering whether an employer has met its burden to disprove pneumoconiosis on rebuttal.

Employer posits various errors committed in concluding that it failed to rebut both prongs of the 15-year presumption. As to the pneumoconiosis prong, our review of the record leads us to reject Employer's arguments that the ALJ improperly weighed or failed to consider the x-ray and CT scan evidence in determining that the radiographic evidence of clinical pneumoconiosis was in equipoise. However, we conclude that the ALJ's stated reasons for weighing the medical opinions of Drs. Basheda and Hippensteel as to the existence of clinical pneumoconiosis are not in accordance with law or supported by substantial evidence.

First, the ALJ's opinion appears to be based on a fundamental mischaracterization of Dr. Basheda's and Dr. Hippensteel's opinions. Contrary to the ALJ's opinion, neither Dr. Hippensteel nor Dr. Basheda assumed that the x-ray evidence

6

was negative for the presence of pneumoconiosis. Rather, each reviewed both positive and negative x-ray interpretations and reached an independent conclusion regarding this imaging. Dr. Basheda's opinion, in particular, provided detailed reasoning for his determination that the x-rays and CT scan evidence did not support a finding of pneumoconiosis. While the ALJ was not required to adopt this reasoning, he was required to consider it and to provide a valid basis for discrediting it. See Mingo Logan Coal Co. v. Owens, 724 F.3d 550, 557 (4th Cir. 2013) (recognizing discretion accorded ALJ in evaluating evidence but that ALJ must analyze all relevant evidence and sufficiently explain his rationale).

The parties appear to construe the ALJ's decision as discounting the opinions of Drs. Basheda and Hippensteel because their conclusion that the x-ray evidence was negative regarding the presence of pneumoconiosis directly conflicted with the ALJ's determination that the imaging was inconclusive. We do not read the ALJ's opinion to adequately articulate such a finding and are obliged to confine our review to the bases actually stated by the ALJ. See Addison, 831 F.3d at 256-57. Thus, we decline to consider at this juncture the parties' arguments regarding whether such a conclusion would be legally supportable had the ALJ reached it.

Second, the ALJ declined to credit the opinions of Drs. Hippensteel and Basheda after concluding that they relied heavily upon "unreliable facts." However, nowhere in his decision did the ALJ identify those facts he found unreliable. In so doing, the ALJ failed to fully comply with his obligation to "include a statement of . . . findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion present on the record." Milburn Colliery Co. v. Hicks, 138 F.3d 524, 536 (4th Cir. 1998) (quoting 5 U.S.C. § 557(c)(3)(A) (1996)). Although Mabe asks us to speculate as to the facts on which the ALJ relied, we are not permitted to guess at the ALJ's reasoning but may review only the reasoning the agency provided. Addison, 831 F.3d at 256-57. Given the ALJ's cursory explanation for its evaluation of the opinions of Drs. Basheda and Hippensteel as to the existence of clinical pneumoconiosis, we conclude that the ALJ's reasoning thwarts effective appellate review and is simply insufficient to justify his decision on the pneumoconiosis prong absent further development.

Employer also challenges the ALJ's conclusion that it failed to rebut the 15-year presumption under the disability causation prong. Because the ALJ's determination as to this prong relied exclusively on his disagreement with Drs. Basheda and Hippensteel as to the existence of pneumoconiosis--the

8

reasoning of which is called into question for the reasons we have already discussed—-we decline to address that issue at this juncture.

Accordingly, we grant Employer's petition for review and vacate the Board's decision in part, insofar as it addresses the operation of the 15-year presumption. We decline to disturb the Board's decision with respect to the timeliness of Mabe's claim and affirm that portion of the decision. We remand with instructions for the Board to return Mabe's case to the ALJ for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION FOR REVIEW GRANTED;
AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

9